UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALL SAINTS REAL ESTATE, INC.,
D/B/A REALTY MASTER OF FL,

CASE NO.:  3:21-cv-819

    Plaintiff,

vs.

INDIAN HARBOR
INSURANCE COMPANY,

    Defendant.
_____

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, INDIAN HARBOR INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Northern District of Florida, and 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby files this Notice of and Petition for Removal.  Defendant requests that this Court remove this action from the Circuit Court of the First Judicial Circuit, in and for Escambia County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division, and states as follows:

### Background

1.    On or about April 22, 2021, Plaintiff, ALL SAINTS REAL ESTATE, INC., D/B/A REALTY MASTER OF FL ("Plaintiff"), filed a civil action in the Circuit Court of the First Judicial Circuit, in and for Escambia County, Florida under the name and

1

style *All Saints Real Estate, Inc., d/b/a Realty Master of FL v. Indian Harbor Insurance Company,* Case No. 2021-CA-1036 (the "Circuit Court Case"). *See* Complaint, filed contemporaneously herewith. Defendant was served with Plaintiff's Complaint on or about May 3, 2021.

2. The Complaint in the Circuit Court Case seeks benefits under a policy of insurance issued by Defendant and alleges one claim for breach of contract.

## Removal is Proper Based on Diversity Jurisdiction

3. This action is within original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

### *There is Complete Diversity of Citizenship*

4. Pursuant to 28 U.S.C. § 1332 "[a] corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."

5. Plaintiff, ALL SAINTS REAL ESTATE, INC., D/B/A REALTY MASTER OF FL, is a Florida for-profit corporation with its principal place of business at 4400 Bayou Blvd., Suite 58B, Pensacola, Florida, 32503. *See* Complaint ¶ 1.

6. Defendant is a Delaware corporation with its principal place of business at 70 Seaview Avenue, Stamford, Connecticut, 06902. *See* Florida Office of Insurance Regulation record attached as Exhibit 1.

7. Accordingly, there is complete diversity of citizenship between the parties to this action under 28 U.S.C. 1332(a)(2) because the parties are citizens of different states.

***The Amount in Controversy Exceeds the Jurisdictional Amount***

8. In addition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Where a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  *Devore v. Howmedica Osteonics Corp.,* 2009 U.S. Dist. LEXIS 94040, *21 (M.D. Fla. Sept. 28, 2009).  If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00, including post-suit settlement offers.  *See Hardesty v. State Farm Mut. Auto. Ins. Co.,* 2009 U.S. Dist. LEXIS 45800, *3 (M.D. Fla. 2009); *Depina v. Iron Mountain Information Management, Inc.*, 2005 U.S. Dist. LEXIS 38831, *2 (M.D. Fla. 2005); *Martin v. Mentor Corp.,* 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001).

10. In the instant case, Plaintiff has alleged in its Complaint that it is making a claim in the amount of $95,979.26 for damages to unit 58A&B, and a claim in the amount of $184,213.13 for damages to unit 52 A&B.  *See* Complaint ¶¶ 32, 24.  It has also attached a sworn proof of loss and estimates supporting these amounts as Exhibits A, C, and D to the Complaint.

11. Accordingly, the amount in controversy in this case exceeds the jurisdictional amount under 28 U.S.C. § 1332(a)(1).

### Venue

12. The United States District Court for the Northern District of Florida, Pensacola Division, includes the judicial circuit in which Plaintiff filed its Complaint. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

### Compliance with Procedural Requirements

13. Pursuant to 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." This Notice of and Petition for Removal has been filed within thirty (30) days of the receipt by Defendant of notice of the basis for removal. Defendant first ascertained that this case was removable upon service of the Complaint on April 20, 2021. Thus, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

14. Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file with the state court are filed with this notice of removal as required by 28 U.S.C. § 1446(a) and Local Rule 7.2(A).

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of removal of this action to all parties in this action and will file a copy of the notice with the Clerk of the Circuit Court of the First Judicial Circuit, in and for Escambia County, Florida.

WHEREFORE, Defendant, INDIAN HARBOR INSURANCE COMPANY, respectfully requests that the United States District Court for the Northern District of Florida, Pensacola Division, accept the removal of this action from the state court and direct that the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida have no further jurisdiction of this matter unless and until this case is remanded.

DATED this 31st day of May, 2021.

                Respectfully submitted,

                */s/ Christine A. Wasula*
                ROBERT ALDEN SWIFT
                FBN: 018518
                CHRISTINE A. WASULA
                FBN: 0148164
                JOSHUA BURROWS
                FBN: 58852
                COLE, SCOTT, & KISSANE, P.A.
                Tower Place, Suite 400
                1900 Summit Boulevard
                Orlando, FL 32810
                Telephone: (321) 972-0000
                Facsimile: (321) 972-0099
                Email: robert.swift@csklegal.com
                Email: christine.wasula@csklegal.com
                Email: joshua.burrows@csklegal.com

                Attorneys for Defendant, Indian Harbor Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2021, I filed the foregoing with the Clerk of Court via the CM/ECF filing system, which will send a notice of electronic filing to: William L. Flournoy, Esq., The Bush Law Group, LLC, 6622 Southpoint Drive South, Suite 190, Jacksonville, FL  32216, Counsel for Plaintiff.

*/s/ Christine A. Wasula*
Christine A. Wasula
FBN: 0148164